UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EQUI-VET, L.L.C.                                CIVIL ACTION

VERSUS                                          NO. 06-10756

HARTFORD CASUALTY INSURANCE                     SECTION "C" (2)
COMPANY

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by HUB International Midwest, Limited ("HUB"). Having considered the record, the memoranda of counsel and the law, the Court has determined that summary judgment is inappropriate for the following reasons.

The plaintiff, Equi-Vet, L.L.C., a Professional Veterinary Medicine L.L.C. ("Equi-Vet" sued its insurance broker, HUB, and its insurer, Hartford Casualty Insurance Company ("Hartford") for Hurricane-Katrina related property and business interruption losses allegedly owed under its policy of insurance with Hartford. In the state court petition in this removed diversity action, Equi-Vet makes claims against

1

Hartford for breach of contract, statutory penalties, and violation the Louisiana Unfair Trade Practices Act, La. Rev. Stat. § 51:1401 *et seq.* ("LUTPA").  The plaintiff is suing HUB for breach of duty, negligent misrepresentation, detrimental reliance and violation of LUTPA.  It is undisputed that the subject Hartford business insurance policy was issued on December 2, 2004,  that the plaintiff's member and manager Ronald J. Giardina ("Giardina") read the policy upon receipt in January 2005, that Hartford paid the plaintiff the policy limit of $50,000 for dependent property coverage and that the plaintiff's claim was otherwise denied in July 2006 "because the suspension of Plaintiff's operations was not caused by direct physical damage to Plaintiff's property."  (Rec. Doc. 14, Exh. 5; Rec. Doc. 16, Exh. 4, p. 2).

Neither party provides a copy of the underlying policy, or provides citation to the relevant sections of the  policy.  HUB argues that Hartford "refused to insure either of the buildings owned by Equi-Vet" and that the policy "provided for loss of business income and extra expenses for damages sustained to dependant property (property operated by others that the insured depends upon to, *inter alia*, accept the insured's product or services and/or attract customers to the insured's business premises."   (Rec. Doc. 14, pp. 4-5).

HUB argues that the plaintiff's claims against it are perempted under the one-

2

year peremptive period set forth and La. Rev. Stat. § 9:5606(A)[1] and that the plaintiff can not otherwise prove its allegations. Specifically, HUB argues that the policy provisions are unambiguous and that plaintiff knew of the lack of coverage when the policy was issued or read by Giardina in January 2005, that any reliance on a statement by an agent is not justifiable for purposes of a claim of detrimental reliance, that the LUTPA does not provide a cause of action against an insurance broker/agent, and that an insurance broker/agent does not have a duty to identify a client's needs or advise the client whether it is properly insured.

The plaintiff argues first, that Hartford has yet to articulate the specific policy provisions upon which denial was based and that the issue of coverage or non-coverage is unresolved. Equi-Vet also argues that Giardina did not discover that it did not have the requested coverage until July 2006, when it received a check for $50,000 and a denial

---

[1] That statute provides:
No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

of coverage from Hartford.   The plaintiff argues that § 9:5606's discovery requirement should require "some showing that a review of the language of the policy would have been enough to put a 'reasonable minded' person on notice that a cause of action existed."  (Rec. Doc. 16, p. 5).   Equi-Vet maintains that its review of the policy "indicated that the requested coverage had been procured by HUB," and that the issue of coverage has yet to be resolved.   Id.

The plaintiff relies on two cases in support of its argument that the rule that an insured is deemed to have constructive knowledge of the contents of a policy upon its receipt "is more appropriately restricted to situations where it is easily ascertainable that the procured policy does not comport with the coverages requested by the insured."  (Rec. Doc. 16, p. 6).   The first case, La. Home Builders Assn. Self-Insurers' Fund v. Adjustco, Inc., 633 So.2d 630, 635 (La. App. 1st Cir. 1993),  involved a problematic minimum loss fund ("MLF"):

> Under the particular circumstances of this case, we find plaintiff did not have a duty to read the policy and discover the MLF because plaintiff had a close, trusting relationship with defendant, it relied on defendant for insurance expertise, and it paid defendant for this expertise.  Furthermore, even if [plaintiff] had noticed the MLF on the declarations page, she had been told by defendant ... not to worry about the MLF, and thus had no reason to suspect the MLF could result in an unfunded gap.

The plaintiff also looks for support in Terrebonne v. Progressive Insurance Co., 2006

WL 3106168 (La. App. 1st Cir.) at *3, the Court affirmed a trial court finding that an insured was justified in failing to read a policy because when it had a close trusting relationship with the agent and it paid for the expertise.  Here, however, the plaintiff does not allege a close, trusting relationship with HUB or that it had paid for the relevant expertise.  See <u>Roadhouse Bar-B-Que, Inc. v. Certain Underwriters at Lloyds</u>, 909 So.2d 619, 623-624 (La. App. 3d Cir. 2005).

The plaintiff also argues the fact that it told HUB that much of its services were performed at locations not owned by it and through its mobile unit maintained at the New Orleans Fair Grounds, and points to a Hartford Insurance Binder dated November 18, 2004, in which that mobile unit is listed.  (Rec. Doc. 16, Exh. D).   It challenges HUB's failure to offer evidence or argument pinpointing the provisions which do or do not provide coverage for the subject loss.  Finally, Equi-Vet argues that an agent does have the duty to procure the insurance requested, which is at the center of the dispute here.

The motion presented does not provide the Court with the necessary information to pass upon any issue relative to what was covered, what was not covered, what was denied, and why the claim was denied.

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by HUB International Midwest, Limited is DENIED. (Rec. Doc. 14).

New Orleans, Louisiana, this 6th day of July, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE