UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EQUI-VET, L.L.C.                                    CIVIL ACTION

VERSUS                                              NO. 06-10756

HARTFORD CASUALTY INSURANCE          SECTION "C" (2)
COMPANY

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by HUB International Midwest, Limited ("HUB"). Having considered the record, the memoranda of counsel and the law, the Court has determined that summary judgment is inappropriate for the following reasons.

As indicated in the first Order and Reasons issued in this matter, the plaintiff, Equi-Vet, L.L.C., a Professional Veterinary Medicine L.L.C. ("Equi-Vet") sued its insurance broker, HUB, and its insurer, Hartford Casualty Insurance Company ("Hartford") for Hurricane-Katrina related property and business interruption losses allegedly owed under its policy of insurance with Hartford. In the state court petition

1

in this removed diversity action, Equi-Vet makes claims against Hartford for breach of contract, statutory penalties, and violation the Louisiana Unfair Trade Practices Act, La. Rev. Stat. § 51:1401 *et seq.* ("LUTPA").  The plaintiff is suing HUB for breach of duty, negligent misrepresentation, detrimental reliance and violation of LUTPA.

The Court denied HUB's first motion because of the omission of critical information regarding coverage and the reasons for denial.  A copy of the policy issued by Hartford is provided with this motion.  HUB argues that summary judgment is appropriate because the insurance policy is clear and unambiguous, Equi-Vet obtained the coverages it requested, the reasons for denial are irrelevant and the plaintiff does not have a right of action under La. Rev. Stat. § 22:1214.

The Court finds that the issue whether policy provisions are clear and unambiguous can not be determined without reference to the factual context of the claim dispute in conjunction with those provisions.  Neither can it rule on whether HUB failed to provide requested coverage until the issue of coverage is resolved under the circumstances presented.  The issue whether the policy provides the relevant coverage is an outstanding issue to be determined in this lawsuit, and it is undisputed that at least part of the plaintiff's claim was denied.  If the relevant coverage is actually afforded under the policy, then any claim relative to HUB's procurement of  the

requested coverage presumably will be resolved. On the other hand, if the relevant coverage is not afforded under the policy, then the relevant facts and provisions pertinent to the denial should be reviewed and the issue whether HUB failed to procure the requested coverage is viable.

In addition, the Court's reading of the petition indicates that the plaintiff is suing under the "Louisiana Unfair Trade Practices and Consumer Protection Law" or LUTPA, La. Rev. Stat. § 1406, not La. Rev. Stat. 22:1214, as argued by HUB. (Petition, ¶ 24). The case cited by HUB, Klein v. American Life & Casualty Co., 858 So.2d 527 (La. App. 1st Cir. 2003) does not appear to refer to the LUTPA.[1]

In its statement of uncontested material facts, HUB states that the policy "contains coverage." (Rec. Doc. 26). It is undisputed, however, that at least part of the plaintiff's claim was denied.[2] For the most part, it appears that HUB's motion is directed to issues that are dependent on the issue whether the plaintiff's claim was

---

[1]  The Court does not pass on the issue whether the plaintiff has a right of action against HUB under the LUTPA.

[2]  The Court notes that HUB previously argued that Hartford "refused to insure either of the buildings owned by Equi-Vet" and that the policy "provided for loss of business income and extra expenses for damages sustained to dependant property (property operated by others that the insured depends upon to, *inter alia*, accept the insured's product or services and/or attract customers to the insured's business premises.)" (Rec. Doc. 14, pp. 4-5).

covered under the policy.  At the same time, HUB's motion contains insufficient facts to determine that the plaintiff's claim was covered as a matter of law.  HUB has failed to otherwise persuade the Court that summary judgment is available based on the record before the Court.

With regard to the issue of preemption under La. Rev. Stat. 22:5606,  the Court is unable to determine the issue whether the plaintiff knew or should have known of the alleged fault of HUB more than one year prior to filing suit in state court in August 2006 based on the undisputed facts that the plaintiff read the policy in January 2005 and coverage was denied in July 2006.  Again, if there is coverage under the Hartford policy, presumably the claims against HUB are moot.

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by HUB International Midwest, Limited is DENIED.  (Rec. Doc. 26).

New Orleans, Louisiana, this 4th day of September, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE