UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EQUI-VET, L.L.C.                                        CIVIL ACTION

VERSUS                                                  NO. 06-10756

HARTFORD CASUALTY INSURANCE                             SECTION "C" (2)
COMPANY

ORDER AND REASONS

This matter comes before the Court on motion to strike experts and motion for for summary judgment filed by Hartford Casualty Insurance Company ("Hartford"). Having considered the record, the memoranda of counsel and the law, the Court has determined that the motion to strike is CONDITIONALLY DENIED and the summary judgment is PARTIALLY GRANTED and PARTIALLY DENIED for the following reasons.[1]

The plaintiff, Equi-Vet, L.L.C., a Professional Veterinary Medicine L.L.C. ("Equi-

---

[1] The plaintiff did not oppose the argument regarding the non-viability of an insurance claim under the Louisiana Unfair Trade Practices Act. That claim is dismissed.

1

Vet") sued its insurer Hartford and its insurance broker, HUB International Midwest, Limited, for Hurricane-Katrina related property and business interruption losses allegedly owed under its policy of insurance with Hartford.  In the state court petition in this removed diversity action, Equi-Vet makes claims against Hartford for breach of contract, statutory penalties, and violation the Louisiana Unfair Trade Practices Act, La. Rev. Stat. § 51:1401 *et seq.* ("LUTPA").   It is undisputed that the subject Hartford business insurance policy was issued on December 2, 2004, that Hartford paid the plaintiff the policy limit of $50,000 for dependent property coverage and that the plaintiff's claim was otherwise denied in July 2006 "because the suspension of Plaintiff's operations was not caused by direct physical damage to Plaintiff's property."  (Rec. Doc. 14, Exh. 5; Rec. Doc. 16, Exh. 4, p. 2).  The parties appear to agree that the only remaining coverage claim is for business interruption.

**Motion to strike**

There appears to be no dispute that the plaintiff has not provided expert reports from Anita Zimmer ("Zimmer") or Robert Watkins ("Watkins"), as contemplated by Fed. R. Civ. P. 26.  Instead, the plaintiff argues that a pre-litigation"Claim Analysis" provided by Zimmer is sufficient to satisfy this Court's requirements, in part because Hartford's expert "interpreted" the Claim Analysis with regard to her own expert

opinion.  The Court disagrees with the plaintiff.  Although the prejudice or lack thereof to Hartford is certainly a consideration,   the Court is concerned that the plaintiff <u>still</u> has not complied with the Court's requirement.  In fact, it attaches an "affidavit" from Zimmer in order to address the argument made by Hartford on summary judgment.  The identity and proposed opinion of Watkins remains a mystery.   If the plaintiff does not fully comply with the Court's requirement regarding expert testimony by December 21, 2007, the testimony of both of these proposed experts will be struck.[2]

**Motion for summary judgment**

Hartford argues that One of Hartford's arguments in favor of summary judgment concerns the plaintiff's lack of proof that it actually sustained a business loss following the storm.   The plaintiff argues in opposition that its expert Zimmer will testify as to a loss during the time at issue.   The Court's determination depends on the viability of plaintiff's expert testimony and the plaintiff's ability to comply with the Court's requirements regarding expert reports to avoid having the testimony struck, as indicated above.

Hartford also argues that summary judgment is appropriate because the plaintiff

---

[2]   The Court assumes that the expert reports will reflect only testimony and opinion supported by the Claim Analysis.

can prove no business income loss that was caused by direct physical loss or damage to the plaintiff's "business personal" property.[3] (Rec. Doc. 43, p. 3).  In response, the plaintiff argues that it was unable to store and use vaccinations and other products requiring refrigeration because of the lack of utility services, as evidenced by the affidavit of the plaintiff's member and manager Ronald J. Giardina ("Giardina"), causing a covered loss under the Business Income Extension for Off-Premises Utility Services endorsement.[4]  The plaintiff also argues that it suffered a direct physical loss or

---

[3]   Hartford relies on the Business Income provision of the "Special Property Coverage Form," which provides in relevant part as follows:

> We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration".  The suspension must be caused by direct physical loss of or damage to property at the described premises, including personal property in the open (or in a vehicle) within 1,000 feet, caused by or resulting from any Covered Cause of Loss.
> We will only pay for loss of Business Income that occurs within 12 consecutive months after the date of direct physical loss or damage.  This Additional Coverage is not subject to the Limits of Insurance.
> Business Income means the:
> (1)   Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred; and
> (2)   Continuing normal operating expenses incurred, including payroll.

[4]   A. ...The referenced endorsement provides in relevant part as follows: We will pay for loss of Business Income or Extra Expense at the described premises caused by the interruption of service to the described premises.  The interruption must result from direct physical loss or damage by a Covered Cause of Loss to the following property not on described

damage to plaintiff's business property at a covered location because, according to Giardina in his affidavit, a mobile trailer at the Fairgrounds sustained roof and window damage resulting in ceiling and flooring damage in the storm, that this trailer constitutes "business personal property," that the plaintiff was not able to work in the trailer because of this ceiling and flooring damage, triggering coverage under the business income provision. (Rec. Doc. 58, pp. 6-7). The plaintiff makes no other argument in favor of coverage.

Hartford replies that Giardina's affidavit is in direct conflict with the plaintiff's answers to written interrogatories, which stated that the closure of the Fairgrounds was the cause of the alleged business income loss. Even if the affidavit was considered, Hartford argues, summary judgment is appropriate because the mobile trailer is excluded from coverage under the policy, and because the plaintiff has never made a claim for damage to the trailer, but rather refused to disclose information regarding

---

premises:
*** 
3. "Power Supply Services".
***
C. The most we will pay for loss under this extension is $25,000 at each described premises.

damaged property because it considered the information irrelevant.[5]   It also argues that the plaintiff provides no evidence of an off-premises utility interruption to support its argument.

The Court is disturbed by the plaintiff's apparently conflicting claims of damage and its refusal to provide Hartford with now-relevant information during the discovery process.  The Court finds, however, that the claim for business interruption loss arising out of direct physical loss or damage to the trailer is foreclosed under the unambiguous terms of the policy.  The Court does find for purposes of summary judgment, however, that the claim pertaining to the off-premises utility interruption remains viable, assuming the plaintiff complies with the Court's order regarding expert reports.

Accordingly,

IT IS ORDERED that the motion to strike experts filed by Hartford Casualty Insurance Company is CONDITIONALLY DENIED.  (Rec. Doc. 42).  The plaintiff shall provide the defendant with fully-compliant expert reports of Anita Zimmer and Robert Watkins no later than December 26, 2007.

IT IS FURTHER ORDERED that the motion for summary judgment filed by

---

[5]   The "Special Property Coverage Form" provides that "[a]ircraft, automobiles, motor trucks and other vehicles subject to motor vehicle registration" are "Property Not Covered."

Hartford Casualty Insurance Company is PARTIALLY GRANTED and PARTIALLY DENIED assuming compliance with the order regarding expert reports. (Rec. Doc. 43).

New Orleans, Louisiana, this 18th day of December, 2007.

                                                                 _____
                                                                 HELEN G. BERRIGAN
                                                                 UNITED STATES DISTRICT JUDGE