UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EQUI-VET, L.L.C.                                           CIVIL ACTION

VERSUS                                                     NO. 06-10756

HARTFORD CASUALTY INSURANCE                SECTION "C" (2)
COMPANY

ORDER AND REASONS

This matter comes before the Court on motion for new trial/reconsideration filed by the plaintiff, Equi-Vet, L.L.C. ("Equi-Vet"). Having considered the record, the memoranda of counsel and the law, the Court has determined that the motion should be denied for the following reasons.

Equi-Vet seeks reconsideration of the Court's grant of summary judgment in favor of Hartford Casualty Insurance Company ("Hartford"). Equi-Vet is suing for Hurricane-Katrina related property and business interruption losses allegedly owed under its policy of insurance with Hartford. The plaintiff's claim was otherwise denied in July 2006 "because the suspension of Plaintiff's operations was not caused by direct

1

physical damage to Plaintiff's property."  (Rec. Doc. 14, Exh. 5; Rec. Doc. 16, Exh. 4, p. 2).  The Court found on summary judgment that the claim for business interruption loss arising out of direct physical loss or damage to the plaintiff's trailer was foreclosed under the unambiguous terms of the policy, but that the claim pertaining to the off-premises utility interruption remained viable for purposes of summary judgment.  (Rec. Doc. 74).

The plaintiff argues that reconsideration is appropriate because of recent discovery that supports its claim that the damage to the plaintiff's supplies and equipment caused a business loss covered under the business personal property provision of the policy.[1]  It admits that Hartford paid $98,000 under the policy for the

---

[1]     Hartford relies on the Business Income provision of the "Special Property Coverage Form," which provides in relevant part as follows:

> We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration".  The suspension must be caused by direct physical loss of or damage to property at the described premises, including personal property in the open (or in a vehicle) within 1,000 feet, caused by or resulting from any Covered Cause of Loss.
> We will only pay for loss of Business Income that occurs within 12 consecutive months after the date of direct physical loss or damage.  This Additional Coverage is not subject to the Limits of Insurance.
> Business Income means the:
> (1)     Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred; and

property damage claim on the supplies and equipment. It argues that Hartford's position that the supplies and equipment were "readily replaceable" is unsupported and that the plaintiff has sustained a viable business interruption claim relating to this damage.

The plaintiff also argues that its "mobile home" at the Fair Grounds Race Course in New Orleans was damaged, that it sustained a business loss as a result of that damage, and that the business loss allegedly sustained is covered as a business personal property loss under the policy. Equi-Vet argues that the structure is not subject to motor vehicle registration under La. Rev. Stat. § 47:501 because the structure is a "mobile home" and not a "mobile trailer."

Hartford argues in opposition that the plaintiff fails to justify consideration of additional discovery because Equi-Vet refused to answer any discovery regarding damage to business personal property because it claimed that it was irrelevant to this litigation. The plaintiff had maintained that "the Fairgrounds race course was shut down as a result of hurricane related damages preventing plaintiff from conducting business there" and that "Plaintiff could not resume operations any sooner at the Fairgrounds or City Park Stables until they were reopened." (Rec. Doc. 93, pp. 1-2).

---

(2)     Continuing normal operating expenses incurred, including payroll.

Hartford argues that the plaintiff first changed its position in response to Hartford's summary judgment.[2]

In the Court's Order and Reasons, it stated that it "is disturbed by the plaintiff's apparently conflicting claims of damage and its refusal to provide Hartford with now-relevant information during the discovery process." (Rec. Doc. 74, p. 6). It remains disturbed. Hartford provides additional previously-obtained deposition testimony which supports the plaintiff's original position that it did not reopen the Fair Grounds Race Course facility, which included the trailer, supplies and equipment, because the track was closed, and that the plaintiff deliberately did not reopen that facility until the track reopened. With regard to the "mobile home," Hartford argues that the plaintiff itself previously referred to the structure as a "mobile trailer," and provides Dr. Giardina's previous testimony that he knew that the trailer was not covered.

---

[2] In response to the motion for summary judgment, the plaintiff offered the affidavit of the plaintiff's member and manager Ronald J. Giardina ("Giardina") to the effect that it was unable to store and use vaccinations and other products requiring refrigeration because of the lack of utility services causing a covered loss under the Business Income Extension for Off-Premises Utility Services endorsement. Based on the affidavit, the plaintiff also argued that it suffered a direct physical loss or damage to plaintiff's business property at a covered location because its mobile trailer at the Fair Grounds constituted business personal property and sustained roof and window damage resulting in ceiling and flooring damage in the storm, and that the plaintiff was not able to work in the trailer because of this ceiling and flooring damage, triggering coverage under the business income provision. (Rec. Doc. 58, pp. 6-7).

"It is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony." *S.W.S. Erectors, Inc. V. Infax, Inc.*, 72 F.3d 489,495 (5th Cir. 1996). An "sham affidavit" may not be considered and may result in sanctions. *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 349 (5th Cir. 2007); *Copeland v. Wasserstein, Perells & Co., Inc.*, 278 F.3d 472, 482 (5th Cir. 2002). The "explanation" afforded by the plaintiff is simply that Hartford's characterization is "unfair" and "does not take into account the limited scope of the interrogatory that was being responded to by EQUI-VET." (Rec. Doc. 86, p. 8). The additional proof provided by Hartford in opposition to this motion is not addressed at all by the plaintiff.

The Court does not need to address the serious issues raised by the substance of the change in the plaintiff's sworn testimony. With regard to the damaged supplies and equipment, the plaintiff still provides no proof that this damage caused a business loss, as required under the policy. With regard to the trailer, the plaintiff's changed argument may prove too much. As argued by Hartford, the declarations page of the policy specifically provided that there is "no coverage" for any "building."[3]

---

[3] Hartford persuasively argues that the term "vehicle" "means mobile homes and residential mobile homes" under Louisiana's Manufactured Home Property Act, La. Rev. Stat. § 1149.2(7).

Accordingly,

IT IS ORDERED that the motion for new trial/reconsideration filed by the plaintiff, Equi-Vet, L.L.C. is DENIED. (Rec. Doc. 86).

New Orleans, Louisiana, this 14th day of April, 2008.

                                      HELEN G. BERRIGAN
                                      UNITED STATES DISTRICT JUDGE